## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

PETER J. MCCLOUD,

            **Plaintiff,**

v.                                                   **Case No. 3:24-CV-1802-NJR**

ANTHONY WILLS, TREVOR
ROLAND, PHILIP ROYSTER, and
VINCENT KIEFER,

            **Defendants.**

## <u>ORDER APPOINTING COUNSEL</u>

**ROSENSTENGEL, District Judge:**

This matter is before the Court on Plaintiff Peter McCloud's Motion to Appoint Counsel. (Doc. 57). A federal civil litigant has no constitutional or statutory right to court-recruited counsel. *Riley v. Waterman*, 126 F.4th 1287, 1297 (7th Cir. 2025); *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Id.* In evaluating whether counsel should be appointed, the district court must ask: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt*, 503 F.3d at 654–55.

"In determining whether a plaintiff appears competent to litigate the case without the assistance of counsel, the court must consider 'both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims himself,' which are "necessarily intertwined." *Riley*, 126 F.4th at 1298 (quoting *Eagan v.*

*Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021). There are no "fixed criteria" for assessing whether a plaintiff is sufficiently competent to litigate his case, but "a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Id.* A court should also consider "the phase of the litigation, if the prisoner has been transferred between facilities, if the claims involved the state of mind of the defendant such as those involving deliberate indifference, and if the case involves complex medical evidence, including expert testimony." *Id.* (quoting *Thomas v. Wardell*, 951 F.3d 854, 860 (7th Cir. 2020)).

Here, McCloud has contacted several attorneys in an effort to obtain counsel. (Doc. 20). The Court further finds that McCloud's circumstances have rendered him incompetent to litigate the case without the appointment of counsel. McCloud is proceeding on serious conditions of confinement and excessive force claims against prison officials at Menard Correctional Center, but he is no longer housed at that facility. McCloud was released from IDOC custody, only to experience homelessness and mental health problems that landed him in the Cook County Jail. He also states that he has lost his legal documents due to his homelessness. Thus, the Court **FINDS** that appointment of counsel is appropriate and **GRANTS** McCloud's motion.

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(i) and 83.9(b), attorney Bridget Kate Geraghty of the Roderick & Solange MacArthur Justice Center is **ASSIGNED** to represent Plaintiff Peter McCloud in this civil rights case. On or before **February 23, 2026**, assigned counsel shall enter her appearance in this case. Attorney Geraghty is free to share responsibilities with an associate who is also admitted to practice

in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and a copy of the docket to attorney Geraghty. The electronic case file is available through the CM/ECF system.

Now that counsel has been assigned, Plaintiff **shall not** personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at Plaintiff's request, there is no guarantee the Court will appoint other counsel to represent him.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Because Plaintiff is proceeding *in forma pauperis*, he may proceed without *prepayment* of the filing fee. If he recovers damages in this action (either by verdict or settlement), Plaintiff and his counsel are **ADVISED** that he will be obligated to pay the filing fee out of his monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care

when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees for this case by filing a motion in this case seeking an exemption from these fees.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

Peter J. McCloud
20251225039
COOK COUNTY JAIL
2600 South California Avenue
Chicago, IL 60608

IT IS SO ORDERED.

DATED:   January 22, 2026

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**